IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

L.C. GAY,                                       )
                                                )
                    Plaintiff,                  )       Civil Case No. 09-1016-KI
                                                )
          vs.                                   )       OPINION AND ORDER
                                                )
CABLE SHOPPING NETWORK,                         )
DISCOVER CARD SERVICES, and U.S.                )
POSTAL SERVICE,                                 )
                                                )
                    Defendants.                 )
_____                 )


          L.C. Gay
          14314 NE Milton Street
          Portland, Oregon  97230

                    Pro Se Plaintiff

          Kent S. Robinson
          Acting United States Attorney
          District of Oregon

James E. Cox, Jr.
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

       Attorneys for Defendant U. S. Postal Service

KING, Judge:

       *Pro se* plaintiff L.C. Gay brings an action alleging defendants Cable Shopping Network,

Discover Card Services and the United States Postal Service are responsible for a lost package.

Before the court is the United States Postal Service's Amended Motion to Dismiss (#7).  Plaintiff

has not filed a response to the motion.  For the following reasons, I grant the motion and dismiss

the United States Postal Service.

## LEGAL STANDARDS

       A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1)

addresses the court's subject matter jurisdiction.  The waiver of sovereign immunity is a question

of subject matter jurisdiction.  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The party asserting jurisdiction bears the burden of proving that the court has subject matter

jurisdiction over his claims.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377

(1994).  The court is not restricted to the pleadings but may rely on any evidence, including

affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.

McCarthy, 850 F.2d at 560.

## DISCUSSION

       Plaintiff initially brought this suit in Multnomah County's Small Claims Department,

alleging he is owed $697.00 because an "item was returned by mail[;] Cable Shopping Network

claimed not received." Small Claim and Notice of Small Claim. The United States Postal Service removed the action pursuant to 28 U.S.C. § 1442(a)(1).[1]

To proceed with a suit against the United States, there must be a waiver of sovereign immunity. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act ("FTCA") includes a limited waiver of sovereign immunity, except in particular instances that are listed in 28 U.S.C. §§ 2680 (a)-(h). Subsection (b) specifically excepts any "claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Accordingly, because the federal government has not waived immunity over claims arising out of the loss of plaintiff's package, and because that is plaintiff's only claim against the United States Postal Service, this Court lacks subject matter jurisdiction.

In addition, pursuant to the provisions of FTCA, plaintiff was required to provide notice to the United States Postal Service prior to instituting this action. 28 U.S.C. § 2675. Plaintiff failed to abide by this requirement, and as a result this Court lacks subject matter jurisdiction. See Decl. of Conny Beatty ¶¶ 2,3; Blair v. IRS, 304 F.3d 861, 868, 869 (9th Cir. 2002).

///

///

---

[1]"A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . ." 28 US.C. § 1442(a).

Page 3 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, I grant the United States Postal Service's Amended Motion to Dismiss (#7).  The United States Postal Service is dismissed from this action.

IT IS SO ORDERED.

Dated this _____30th_____ day of November, 2009.

    ___/s/ Garr M. King_____
Garr M. King
United States District Judge